UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

NASH JOE ROBINSON,   CASE NO. 01-73783-CMS-01

    Debtor.

---

NASH JOE ROBINSON,

    Plaintiff,

v.   ADV. PROC. NO. 04-01120

UNITED WISCONSIN LIFE INSURANCE   FROM THE CIRCUIT COURT
COMPANY, AMERICAN MEDICAL   OF PERRY COUNTY, ALABAMA
SECURITY INC., PRESCRIPTION FOR   CIVIL ACTION NO. CV-2002-127
GOOD HEALTH TRUST, AMSOUTH BANK,
DOUGLAS C. NULL, et al.,

    Defendants.

## ORDER DENYING MOTION TO TRANSFER CASE AND GRANTING MOTION TO REMAND AND ABSTAIN

Edward E. Angwin and Robert H. Turner, Counsel for the Plaintiff
Glenn E. Glover and Harlan F. Winn, III, Counsel for the Defendants

This matter came on for hearing on the Plaintiff's motion to remand or in the alternative to abstain and the Defendants' motion to transfer this adversary proceeding to the United States Bankruptcy Court for the Northern District of Alabama, Western Division. This Court has jurisdiction to hear said motions pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference of the District Court. After considering the pleadings, briefs and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

1

# FINDINGS OF FACT

The Debtor, Nash Joe Robinson ("Robinson"), filed a chapter 13 petition in the United States Bankruptcy Court for the Northern District of Alabama, Western Division, ("the Northern District Bankruptcy Court") on December 7, 2001. The bankruptcy court confirmed Robinson's chapter 13 plan on May 10, 2002. The plan is not a 100% plan for unsecured creditors.[1]

On or about November 5, 2002, Robinson filed a civil action ("the state court action") in the Circuit Court of Perry County, Alabama. The complaint includes several state law causes of action such as fraud, negligence, and breach of fiduciary duty[2] related to a contract for the issuance of health insurance that Robinson entered into with the Defendants in 1995. The Defendants allege that the circumstances at issue in the state court action took place between 1995 and 1999. The parties stated at the hearing that much of the discovery is complete.

Robinson amended schedule B of his chapter 13 petition to include the possible recovery in the lawsuit as a potential asset on May 10, 2004. The Defendants are not creditors in Robinson's bankruptcy case.

The Defendants removed the state court action to this court pursuant to 28 U.S.C. §1452[3]

---

[1] Defendants' response and opposition to Plaintiff's motion to remand, docket entry # 11, p. 2.

[2] Plaintiff's brief in support of motion to remand, docket entry # 10, p. 7.

[3] Section 1452(a) of Title 28 provides:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

2

on August 6, 2004. In the notice of removal, the Defendants aver that they were unaware of the bankruptcy proceeding until July 7, 2004. Simultaneously, the Defendants filed a motion to transfer this adversary proceeding to the Northern District Bankruptcy Court where Robinson's chapter 13 case is pending. Robinson responded with a timely motion to remand or in the alternative to abstain, and amended the motion to remand or abstain on September 22, 2004 to request attorney fees and costs pursuant to 28 U.S. §1447(c).

## CONCLUSIONS OF LAW

### I. MOTION TO TRANSFER

The Defendants moved to transfer the case to the Bankruptcy Court for the Northern District of Alabama, Western Division, where Robinson's chapter 13 case is pending. Section 1412 of Title 28 provides that a court may transfer a case proceeding under Title 11 to another district court in the interest of justice or for the convenience of the parties. The Defendants cite *Thomas v. Lorch, Wedlo, Inc. (In re Wedlo, Inc.)*, 212 B.R. 678 (Bankr. M.D. Ala. 1996), which held that the bankruptcy court in which a chapter 11 case is pending is in the best position to determine the underlying issues of remand and abstention. *Wedlo*, 212 B.R. at 679.

The language of §1412 is permissive rather than mandatory, which indicates to this Court a duty to assess the facts of each case on an individual basis before deciding whether to transfer the case to another district. The *Wedlo* case involved a chapter 11 case filed after the state court proceeding began. The chapter 11 case was filed in February 1996 and the *Wedlo* opinion was issued in March 1996. A business chapter 11 case will normally involve more complexity, and the reorganization process may be better served when the same court presiding over the chapter 11 also determines whether to remand or abstain. There are usually preliminary issues to be

heard in a newly filed chapter 11 case. It is logical that the *Wedlo* court would find that the court in which the chapter 11 proceeding is pending would be the best court to decide issues of remand and abstention along with these preliminary issues. The present case is a chapter 13 proceeding, pending since 2001. The case has been confirmed and it has not been disputed that Robinson is making chapter 13 payments. Once a chapter 13 plan has been confirmed, the bankruptcy court has little to do in the case unless further motions are filed. The state court action is already before this Court. The parties have filed their pleadings and memoranda of law in this Court. The law governing remand and abstention is settled and established, and therefore can be applied by this Court as well as another bankruptcy court. Transferring the state court action to another court would cause additional delay. Therefore, the Court finds that the Defendants' motion to transfer should be denied.

**II.     JURISDICTION**

The court to which an action is removed must first consider whether it has proper jurisdiction to hear the matter before addressing issues of remand and abstention. *Royal v. Daihatsu (In re Royal)*, 197 B.R. 341, 345 (Bankr. N.D. Ala. 1996); *Matters of Roper*, 203 B.R. 326, 330 (Bankr. N.D. Ala. 1996); *Hatcher v. Lloyd's of London*, 204 B.R. 227, 229 (M.D. Ala. 1997). Once jurisdiction is shown, the court can then turn to the requirements for remand under 28 U.S.C. §1452 and abstention under 28 U.S.C. §1334(c)(1)-(2).

Section 1334(a) of Title 28 of the United States Code gives federal courts original and exclusive jurisdiction over "cases under title 11" or the original bankruptcy petition. Section 1334(b) gives the district courts original, but not exclusive jurisdiction, over four types of matters: 1) cases under title 11; 2) proceedings arising under title 11; 3) proceedings arising in

4

Case 04-01120   Doc 13   Filed 11/04/04   Entered 11/04/04 12:24:55   Desc Main
Document      Page 4 of 14

cases under title 11; and 4) proceedings related to cases under title 11. *Royal*, 197 B.R. at 346-7 (citing *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987)). The first category applies to the original bankruptcy petition. The second category includes proceedings that involve a cause of action created or determined by Title 11. *Royal*, 197 B.R. at 347. The third classification refers to administrative matters which arise only in bankruptcy cases, and have no existence outside the bankruptcy case. *Id*. Finally, the "related to" description is a catch-all provision for proceedings that fall outside the other categories but which might effect the bankruptcy case. *Id*. "[I]t is not necessary to distinguish between these four categories for the purpose of determining whether a particular matter falls within bankruptcy jurisdiction as these references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Id*.; see also *Twyman v. Wedlo, Inc. (In re Twyman)*, 204 B.R. 1006, 1016, n. 17 (Bankr. N.D. Ala. 1996) ("Whether the action is one 'arising' in bankruptcy or 'related' to bankruptcy, this Court's authority to determine whether to abstain from deciding the matter or whether to remand the matter is unaffected.") "The 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *Continental Nat'l Bank of Miami v. Sanchez* (*In re Toledo*), 170 F.3d 1340, 1345 (11th Cir. 1999) (citations omitted).

The Eleventh Circuit chose the "related to" standard used by the Third Circuit Court of Appeals in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984)[4]: "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which may in any way impact the handling and

---

[4]*Pacor* was overrruled on other grounds by *Things Remembered, Inc.*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).

administration of the bankruptcy estate." *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor*, 743 F.2d at 994); see also *Toledo*, 170 F.3d at 1345.

The parties agree that any recovery by Robinson would inure to the benefit of the bankruptcy estate. Robinson's creditors would receive a larger payout if he is successful in the state court action and settles the claim or collects a judgment. The bankruptcy court would also have to approve any settlement negotiated between the parties. It would then become the bankruptcy court's duty to distribute to creditors any funds realized from a settlement or a judgment. Based on these facts the Court finds that it has at the minimum "related to" jurisdiction over the state court action.

The Defendants assert Robinson's delay in listing the state court action in his bankruptcy petition brings up the issue of judicial estoppel. The doctrine of judicial estoppel holds that "a party is precluded from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. Judicial estoppel is an equitable concept intended to prevent the perversion of the judicial process.'" *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1285 (11th Cir. 2002) citing 18 James Wm. Moore et al., Moore's Federal Practice §134.30, p. 134-62 (3rd Ed. 2000). The Defendants assert that the judicial estoppel defense raises the state court action to "arising in" jurisdiction under 28 U.S.C. §1334(a), which includes administrative issues that arise only in bankruptcy. According to the Defendants, the state court action with the judicial estoppel issue is an administrative matter which "invokes substantive bankruptcy rights."[5] The Defendants also argue that the state court action is a core proceeding

---

[5]Defendants' memorandum of law in support of response and opposition to Plaintiff's motion to remand, docket entry # 12, p. 5.

under 28 U.S.C. §157(b)(2) – (A) matters concerning the administration of the estate. The Defendants maintain that the state court action is a matter affecting the administration of the estate because it could substantially increase the payout to creditors, and therefore should be heard by this Court.

As stated above, it does not matter whether the action falls under "related to" or "arising in" jurisdiction for purposes of establishing the Court's jurisdiction. However, since the Defendants use the "arising in" jurisdiction to build their defense to remand or abstention, the Court will address the issue. "Arising in" jurisdiction is "generally thought to involve administrative-type matters, or as the . . . court put it, 'matters that could arise only in bankruptcy.'" *Carter v. Rogers*, 220 F.3d 1249, 1253 (11th Cir. 2000) quoting *Continental Nat'l Bank of Miami v. Sanchez* (*In re Toledo*), 170 F.3d 1340, 1345 (11th Cir. 1999). Although use of the judicial estoppel doctrine in the bankruptcy context has become prevalent in the recent past, bankruptcy courts cannot claim the doctrine as its own. Judicial estoppel is an equitable doctrine applicable in many areas of federal and state law. See *Ex parte First Alabama Bank,(In re Vincent)*, No. 1020855, 2003 WL 22113920 (Ala..); *Terminix International Co. v. Jackson*, 723 So.2d 555, 558 (Ala. 1998). "The doctrine applies broadly to legal proceedings before a variety of tribunals . . . " 18 James Wm. Moore et al., Moore's Federal Practice §134.30, p. 134-67 (3rd Ed. 2004). It does not arise only in bankruptcy cases. For this reason, the Court finds that it does not have "arising in" jurisdiction over the state court action, even with the attending judicial estoppel defense.

**III. REMAND**

Section 1452(b) of title 28 of the United States Code allows the court to which an action

is removed to remand the action on any equitable ground. Courts consider the following factors in applying § 1452(b):

> 1) forum non conveniens; 2) that the entire action should be tried in the same court; 3) the extent to which state law dominates; 4) whether a state court is better able to resolve questions of state law; 5) the existence of a right to a jury trial; 6) judicial economy; 7) comity; 8) prejudice to the involuntarily removed party; 9) the degree of relatedness of the action to the main bankruptcy case; 10) a lessened possibility of inconsistent results; and 11) the effect of bifurcating the claims of the parties.

*Hatcher*, 204 B.R. 227, 233 (M.D. Ala. 1997) (citing *Traylor v. First Family Fin. Servs., Inc. (In re Traylor)*, 192 B.R. 255, 258 (M.D. Ala. 1995). The Court will discuss those factors raised by the parties and those relevant to the present case. Forum non conveniens and trying the entire action in the same court are not factors in the present case.

The principal factors in this case are the extent to which state law dominates the action and whether the state court is better equipped to resolve issues of state law. The state court action contains only state law issues such as fraud, negligence, breach of fiduciary duty related to a contract for health insurance. Clearly, these state law issues would be more effectively handled by the state court. While this Court considers issues of fraud and breach of fiduciary duty on a regular basis, state law regarding negligence is not a typical issue for this Court. The Circuit Court of Perry County, Alabama conducts jury trials on these issues on a regular basis. As the Court stated earlier, the judicial estoppel defense is also an area of law that can be handled by the state court. Although the Eleventh Circuit Court of Appeals has recently issued several opinions dealing with bankruptcy and judicial estoppel, the Supreme Court of Alabama has also dealt with the intersection of judicial estoppel and bankruptcy law. See *Ex parte First Alabama Bank (In re Vincent)*, No. 1020855, 2003 WL 22113920 (Ala..). Based on the foregoing, the Court finds that

the predominance of state law issues weighs in favor of remanding the state court action to Perry County, Alabama.

The Court considers the fifth and eighth factors to be related and will consider them together. Bankruptcy courts do not typically conduct jury trials, although the reference could be removed and the case would then have to be tried before a jury in the District Court. The state court action was filed in 2002. The parties stated at the hearing that much of the discovery in this matter has been completed. The case, already on the state court's docket and in its scheduling system, could soon be set for trial. If the case were referred to the District Court now, there is bound to be some delay in setting the case for trial given the time needed to schedule a trial on the District Court's docket. This would work to Robinson's disadvantage.

Judicial economy is also significant in this action. As stated above, the state court, as a court that routinely handles issues of negligence and fraud, and conducts jury trials, is the most efficient forum for this action. If Robinson receives a judgment in his favor or settles the matter, the recovery can be distributed to his creditors. If he does not prevail, none of the parties will have to come back to the bankruptcy court. The minimal action required of the bankruptcy court to distribute the potential proceeds does not offset the advantage of allowing the state court to try the state court action. This factor indicates that remand to the state court would be appropriate.

While not a primary factor in this case, comity should be considered because some discovery has been completed in the state court action. This Court recognizes the state court's expediency in dealing with the issues presented in Robinson's complaint, and gives it due consideration in its decision to remand the case.

The final factor to be considered is the degree to which the action is related to the main

bankruptcy case. As discussed previously in the Court's order on jurisdiction, the action is related to the bankruptcy case as potential source of funds for the estate. Still, it is not a substantial part of the bankruptcy case. At this point, it is not even a definite source of funds. Robinson may not prevail in his action, and there may be no funds to administer. If Robinson does get a judgment or settles the action against the Defendants, the bankruptcy court can have the funds distributed to the creditors. The action is not sufficiently related to the bankruptcy to prohibit remand.

Based on the foregoing, it appears to the Court that the state court action is due to be remanded to the Circuit Court of Perry County, Alabama.

## IV. PERMISSIVE ABSTENTION

If this Court is incorrect in its view that remand is appropriate, an alternative ground for returning this action to state court exists under 28 U.S.C. § 1334(c)(1). Permissive abstention allows a bankruptcy court to abstain from hearing a proceeding arising under title 11, or arising in or related to cases under title 11, when it is in the interest of justice, or in the interest of comity. As with remand, there are several factors that courts consider under the permissive abstention doctrine:

> 1) the effect of abstention on the efficient administration of the bankruptcy estate;
> 2) the extent to which state law issues predominate;
> 3) the difficulty or unsettled nature of the applicable law;
> 4) the presence of a related proceeding commenced in state court or other non-bankruptcy courts;
> 5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. §1334;
> 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> 7) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> 8) the burden on the bankruptcy court's docket;

10

Case 04-01120   Doc 13   Filed 11/04/04   Entered 11/04/04 12:24:55   Desc Main
Document      Page 10 of 14

9) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
10) the existence of a right to a jury trial; and
11) the presence in the proceeding of non-debtor parties.

*St. Vincent's Hospital v. Norrell (In re Norrell)*, 198 B.R. 987, 995-6 (Bank. N.D. Ala. 1996). (Citations omitted).

Using the factors listed above, this Court finds that the state court action should be heard in state court, and will therefore abstain from the proceeding based on the following:

1) Robinson's chapter 13 should not be unduly delayed while he pursues the state court action. He can continue to make his regularly chapter 13 payments. If additional funds become available, they can be administered by the bankruptcy court.

2) As stated above, Robinson's action deals solely with questions of state law.

3) The parties made no mention of any difficult or unsettled law to be determined in Robinson's case. As pointed out above, the Defendants' judicial estoppel defense is not unique to bankruptcy courts and can be handled by the state court.

4) This factor is not an issue in this case.

5) The only basis of jurisdiction is 28 U.S.C. §1334, as the Court discussed above in the jurisdiction section.

6) As indicated above, Robinson's state court action is related to the bankruptcy because it involves the potential funds for the bankruptcy estate.

7) Since only state law issues of negligence, fraud and breach of fiduciary duty are involved in the proceeding, they can easily be decided by the state court, and any funds recovered can be sent to the bankruptcy court for distribution to creditors.

11

8) As stated above, bankruptcy courts do not usually conduct jury trials. Transferring the case to the District Court would result in further delay and be a burden to the District Court's docket.

9) In his request for attorney fees, Robinson alleges that the Defendants have engaged in forum shopping by removing the state court action to this Court. The Court previously found that it has "related to" jurisdiction over the state court action; therefore, the Defendants have a legitimate basis for removing the case to this Court, and the Court does not perceive the removal as forum shopping.

10) Robinson's right to a jury trial and the limitations of the bankruptcy court have been previously discussed.

11) The Defendants are not creditors in Robinson's bankruptcy case.

Having found that abstention is proper under permissive abstention, the Court finds no compelling reason to address to the issue of mandatory abstention in this case.

## V. ATTORNEY FEES

Robinson asked the Court to award attorney fees and costs related to remanding this case to the state court. Section 1447(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The standard for awarding fees and costs under 28 U.S.C. §1447(c) is "whether an award would further 'overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties.'" *Gardner v. Allstate Indem. Co.*, 147 F.Supp.2d 1257, 1259 (M.D. Ala. 2001) quoting *Morgan Guar. Trust Co. of N.Y. v. Republic of Palua*, 767 F. Supp. 561, 563 (S.D.N.Y. 1991), aff'd *Morgan Guar. Trust Co. of N.Y. v. Republic of Palua*,

971 F.2d 917 (2nd Cir. 1992).

Robinson asserts that the Defendants' removal of this action from the state court is nothing more than an attempt to forum shop. According to Robinson, there is no basis for having the action heard in this Court because there are no issues of bankruptcy law, the Defendants are not creditors in Robinson's bankruptcy, and the action involves only state law issues. The Court reviewed the cases awarding fees and costs cited by Robinson in his brief, and found that in each case, the removing party failed to prove federal subject matter jurisdiction. As noted above, the Defendants in the present case have "related to" jurisdiction in the bankruptcy court. The Defendants proved a tenable basis for jurisdiction in this Court. Robinson's case was not removed to this Court on an erroneous claim of jurisdiction. The Court therefore finds that Robinson's request for attorney fees and costs should be denied.

Based on the foregoing, the Court finds that the Defendants' motion to transfer this adversary proceeding to the United States Bankruptcy Court for the Northern District of Alabama, Western Division should be denied, and Robinson's motion to abstain and to remand adversary proceeding to the Circuit Court for Perry County, Alabama, should be granted. It is hereby

**ORDERED** that the Defendants' motion to transfer this adversary proceeding to the United States Bankruptcy Court for the Northern District of Alabama, Western Division is **DENIED**; and it is further

**ORDERED** that Robinson's motion to abstain and to remand the case of <u>Nash Robinson v. United Wisconsin Life Insurance Company, et al.</u>, CV-2002-127, to the Circuit Court for Perry County, Alabama is hereby **GRANTED**, and the Clerk of the Bankruptcy Court is directed to

13

Case 04-01120    Doc 13    Filed 11/04/04    Entered 11/04/04 12:24:55    Desc Main
Document      Page 13 of 14

take all steps necessary to remand this matter to the Circuit Court for Perry County, Alabama; and it is further

**ORDERED** that Robinson's request for attorney's fees and costs pursuant to 28 U.S. §1447(c) is **DENIED**.

Dated: November 4, 2004

_____
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE